# William Grausso

## ATTORNEY AT LAW

September 21, 2020

**VIA ECF**
Honorable Gary R. Brown
United States District Court, EDNY
100 Federal Plaza
Central Islip, NY 11722

    Re: Windward Bora, LLC v. David Cohen, Docket 18-cv-5997

Dear Hon. Gary R. Brown:

We represent the Defendant, David Cohen, ("Defendant") in the above entitled matter. Defendant's claim is that a grant of Summary Judgment is improper in this case and that a "genuine dispute" as to material facts exists under Fed. R. Civ. P. 56(a).

### *I. Legal Standard*

Fed. R. Civ. P 56 provides that a court may grant summary judgment when the "movant shows that there is no genuine dispute as the any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a).

### *II. Legal Analysis and Relief Requested*

Because the plaintiff failed to submit sufficient evidence of a default in payment, plaintiff's motion should be denied and this action should be dismissed in its entirety. It is settled law that providing evidence of default in payment in admissible form is part of Plaintiff's *prima facie* burden in a foreclosure action. *See Emigrant Bank v. Marando*, 143 A.D.3d 856, 856, 39 N.Y.S.3d 83 (2d Dep't 2016); *Valley National Bank v. Moses Deutsch*, 88 A.D.3d 691, 930 N.Y.S.2d 477 (2d Dep't 2011); *GRP Loan, LLC v. Taylor*, 95 A.D.3d 1172, 1173-74, 945 N.Y.S.2d 336 (2d Dep't 2012); *U.S. Natl. Assn. Tr U/S 6/01/98 [Home Equity Loan Trust 1998-2] v. Alvarez*, 49 A.D.3d 711, 711 (2d Dep't 2008). Absent *admissible* proof of a default in payment, plaintiff's motion must be denied.

Plaintiff's failure to establish standing herein warrants denial of plaintiff's motion. The law is well-settled that for Plaintiff to have standing to prosecute this action, Plaintiff must be the holder or the assignee of both the Mortgage and the Note at the time

131 West Main Street  |  Tel 631.591.0833  |  wgrausso@mac.com
Riverhead, NY 11901  |  Fax 888.820.9829
                                 Cell 631.793.6492

the action is commenced. *U.S. Bank, N.A. v. Collymore*, 68 A.D.3d 752, 890 N.Y.S.2d 578 (2d Dep't 2009). In *CitiMortgage v. Stosel*, 89 A.D.3d 887, 934 N.Y.S.2d 182 (2d Dep't 2011) (internal citations omitted), the Second Department noted that "[a] plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that it is both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note, 'either by physical delivery or execution of a written assignment prior to the commencement of the action'" and bears the burden of proving standing where the defendant's answer places standing in issue. *Id.* The conclusory statement of Plaintiff's counsel that they are in possession of the Mortgage, Note, and evidence of default when no business records have been established to support those claims is insufficient to warrant a grant of summary judgment.

The Second Department's decision in *Aurora Loan Servs., LLC v. Weisblum*, 85 A.D.3d 95, 923 N.Y.S.2d 609 (2d Dep't 2011), clearly establishes that service of the § 1304 notice in the required form is a condition precedent to the proper commencement of a foreclosure action. In *Aurora Loan Services v. Weisblum*, 85 A.D.3d 95, 923 N.Y.S.2d 609 (2d Dep't 2011), the Second Department held that RPAPL § 1304 requires that a plaintiff commencing a foreclosure action "*submit an affidavit of service to establish proper service on both borrowers 'by registered or certified mail and also by first-class mail' to their last known address.*" (emphasis added). The Second Department found the allegation of compliance with RPAPL §1304 in the foreclosing plaintiff's complaint insufficient, holding that the plaintiff "is required to prove its allegation by tendering sufficient evidence demonstrating the absence of material issues as to its strict compliance with RPAPL 1304, and the failure to make this showing requires denial of the motion, regardless of the opposing papers." *Id.* The Plaintiff's prior affidavit by Yonel Devico does not constitute an affidavit of service and the documentary evidence provided as part of the Complaint in this action is not admissible without a supporting business record or someone with 'personal knowledge' of the actual mailing. Plaintiff's has failed to meet the standard established in *Aurora* and their motion for summary judgment should be denied.

Plaintiff has failed to submit facts that are supported by admissible evidence pursuant to Fed. R. Civ. P. 56(c)(2) and they have established a 'genuine dispute' on material facts which require further discovery or a trial of fact on the issues of this case.

                                                             Sincerely,

Dated: September 21, 2020

                                                             <u>William Grausso, Esq/s/</u>
                                                             William Grausso, Esq

cc: **VIA ECF**
Barry Golden, Esq., Hasbani & Light, P.C.