# William Grausso

## ATTORNEY AT LAW

May 21, 2021

**VIA ECF**
Honorable James M. Wicks
United States District Court, EDNY
100 Federal Plaza
Central Islip, NY 11722

    Re: Windward Bora, LLC v. David Cohen, Docket 18-cv-5997
    Pre-Motion Letter Concerning Plaintiff's Motion for Summary Judgment

Dear Hon. James M. Wicks:

I represent the Defendant, David Cohen, ("Defendant") in the above entitled matter. Defendant's claim is that a grant of Summary Judgment is improper in this case and that a "genuine dispute" as to material facts exists under Fed. R. Civ. P. 56(a).

### I. Legal Standard

Fed. R. Civ. P 56 provides that a court may grant summary judgment when the "movant shows that there is no genuine dispute as the any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a).

### II. Procedural History

Defendant affirms Plaintiff's procedural history.

### III. Legal Analysis and Relief Requested

Defendant's Nineteenth Affirmative Defense should be a basis for denial of the grant of Summary Judgment because the plaintiff failed to submit sufficient evidence of a default in payment, plaintiff's motion should be denied and this action should be dismissed in its entirety. It is settled law that providing evidence of default in payment in admissible form is part of Plaintiff's *prima facie* burden in a foreclosure action. *See Emigrant Bank v. Marando*, 143 A.D.3d 856, 856, 39 N.Y.S.3d 83 (2d Dep't 2016); *Valley National Bank v. Moses Deutsch*, 88 A.D.3d 691, 930 N.Y.S.2d 477 (2d Dep't 2011); *GRP Loan, LLC v. Taylor*, 95 A.D.3d 1172, 1173-74, 945 N.Y.S.2d 336 (2d Dep't 2012); *U.S. Natl. Assn. Tr U/S 6/01/98 [Home Equity Loan Trust 1998-2] v. Alvarez*, 49 A.D.3d 711, 711

131 West Main Street   |   Tel 631.591.0833   |   wgrausso@mac.com
Riverhead, NY 11901   |   Fax 631.517.9260

(2d Dep't 2008). Absent *admissible* proof of a default in payment, plaintiff's motion must be denied. *Devico Dep. 6:8-10.*

Summary Judgment should be denied because of Defendant's fourth affirmative defense for failure to establish standing. The law is well-settled that for Plaintiff to have standing to prosecute this action, Plaintiff must be the holder or the assignee of both the Mortgage and the Note at the time the action is commenced. *U.S. Bank, N.A. v. Collymore*, 68 A.D.3d 752, 890 N.Y.S.2d 578 (2d Dep't 2009). In *CitiMortgage v. Stosel*, 89 A.D.3d 887, 934 N.Y.S.2d 182 (2d Dep't 2011) (internal citations omitted), the Second Department noted that "[a] plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that it is both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note, 'either by physical delivery or execution of a written assignment prior to the commencement of the action'" and bears the burden of proving standing where the defendant's answer places standing in issue. *Id.* The conclusory statement of Plaintiff's witness during sworn testimony about possession of the Mortgage and Note prior to the commencement of the action were insufficient to warrant a grant of Summary Judgment herein. *Devico Dep 8:8-12*. The lack of business records to support his statements will be paramount in the defense of this foreclosure action. It appears from the Deposition that Plaintiff plans to submits testimony from counsel about material facts when establishing their prima facie case. *Devico Dep 6:8-10*. Plaintiff has no evidence of default other than the default notice and no business records confirm when the default happened. Plaintiff's counsel is responsible to produce documentation of compliance with the service of the notice of default and apparently when the default happened. These undocumented issues make the Plaintiff's documentary evidence insufficient to warrant a grant of summary judgment.

Defendant's second affirmative defense properly raised the issue of Plaintiff's failure to comply with the service of 90-Day Notice pursuant to RPAPL §1304. The Second Department's decision in *Aurora Loan Servs., LLC v. Weisblum*, 85 A.D.3d 95, 923 N.Y.S.2d 609 (2d Dep't 2011), clearly establishes that service of the § 1304 notice in the required form is a condition precedent to the proper commencement of a foreclosure action. In *Aurora Loan Services v. Weisblum*, 85 A.D.3d 95, 923 N.Y.S.2d 609 (2d Dep't 2011), the Second Department held that RPAPL § 1304 requires that a plaintiff commencing a foreclosure action "*submit an affidavit of service to establish proper service on both borrowers 'by registered or certified mail and also by first-class mail' to their last known address.*" (emphasis added). The Second Department found the allegation of compliance with RPAPL §1304 in the foreclosing plaintiff's complaint insufficient, holding that the plaintiff "is required to prove its allegation by tendering sufficient evidence demonstrating the absence of material issues as to its strict compliance with RPAPL 1304, and the failure to make this showing requires denial of the motion, regardless of the opposing papers." *Id.* The Plaintiff's prior affidavit by

# William Grausso

Yonel Devico does not constitute an affidavit of service and the documentary evidence provided as part of the deposition of Mr. Devico in this action is not admissible without a supporting business record or someone with 'personal knowledge' of the actual mailing. *Devico Dep. 7:16-25, 8:2-7*. Mr. Devico's statement during the deposition that his counsel was responsible to send the RPAPL 1304 notice and that he had no personal knowledge of compliance with the notice requirement fails to meet the strict compliance required pursuant to RPAPL 1304. Plaintiff has failed to meet the standard established in *Aurora* and their motion for summary judgment should be denied.

Plaintiff has failed to submit facts that are supported by admissible evidence pursuant to Fed. R. Civ. P. 56(c)(2) and they have established a 'genuine dispute' on material facts which require a trial of fact on the issues of this case or at a minimum proper briefing schedule for motion practice before the court.

Dated: May 21, 2021

Sincerely,

William Grausso, Esq/s/
William Grausso, Esq

cc: **VIA ECF**
Hasbani & Light, P.C.

131 West Main Street        Tel 631.591.0833        wgrausso@mac.com
Riverhead, NY 11901         Fax 631.517.9260